UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-10-14
```

LUCIA VLAD-BERINDAN,

                Plaintiff,

-v-

MTA NEW YORK CITY TRANSIT; MARIE STANLEY, ESQ.; JEAN DOE, ESQ.; JOHN DOE, ESQ.,

                Defendants.

No. 14-cv-675 (RJS)

ORDER ADOPTING
REPORT AND RECOMMENDATION

RICHARD J. SULLIVAN, District Judge:

    Plaintiff Lucia Vlad-Berindan, proceeding pro se, brings this employment discrimination action against Defendants MTA New York City Transit, Marie Stanley, Esq., Jean Doe, Esq., and John Doe, Esq., pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. § 621 *et seq.*, the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. §§ 12112 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* Plaintiff further asserts that Defendants posted a deceptive job advertisement and sought to incorrectly classify paralegals as independent contractors. Now before the Court is the Report and Recommendation (the "Report") of the Honorable James C. Francis IV, Magistrate Judge, recommending that the Court dismiss Plaintiff's Complaint, without prejudice, for failure to state a claim. For the reasons set forth below, the Court adopts the Report in its entirety.

I. BACKGROUND

    The Court presumes the parties' familiarity with the factual allegations of this action, which are thoroughly set forth in the Report. (Report at 2–6.) On January 27, 2014, Plaintiff commenced

this action by filing a standard-form complaint for employment discrimination against Defendants. (Doc. No. 2.) The Court received confirmation of service on June 12, 2014. (Doc. Nos. 7, 8.) By Order dated June 16, 2014, the Court referred the case to Judge Francis to oversee general pretrial matters and to issue reports and recommendations on dispositive motions. (Doc. No. 9.) On July 21, 2014, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 11.) On September 5, 2014, Plaintiff filed her opposition to the motion. (Doc. No. 18.) On September 19, 2014, Defendants filed their reply. (Doc. No. 22.) Judge Francis issued his Report on October 8, 2014. (Doc. No. 23.) On November 7, 2014, Plaintiff filed her objections ("Objections") to the Report (Doc. No. 26), and on November 21, 2014, Defendants filed a response and opposition to Plaintiff's Objections (Doc. No. 27).

## II. LEGAL STANDARD

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). If a party properly objects to a finding in the Report, the Court reviews the finding de novo. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). Properly raised objections must be "clearly aimed at particular findings" in the Report. *Harden v. LaClaire*, No. 07-cv-4592 (LTS), 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008). Therefore, objections may not be "conclusory or general" and may not simply rehash or reiterate the original briefs to the magistrate judge. *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y.2009). Moreover, objections generally may not be new arguments "that were not raised, and thus were not considered, by the magistrate judge." *Jackson v. Brandt*, No. 10-cv-05858 (PAC), 2012 WL 2512015, at *6 (S.D.N.Y. June 29, 2012); *see also Berbick v. Precinct 42*, 977 F. Supp. 2d 268, 273 (S.D.N.Y. 2013) ("A motion referred to a magistrate judge is not a trial run." (alterations and internal quotation marks omitted)).

Absent proper objections, the Court accepts all parts of the Report that are not clearly erroneous. *See Berbick*, 977 F. Supp. 2d at 273. Thus, the Court reviews a party's *improper* objections, including those that seek a "second bite at the apple" by "attempt[ing] to relitigate the entire content" of the arguments made before the magistrate judge, only for clear error. *Thomas*, 674 F. Supp. 2d at 511. In clear error review, the Court should reverse a finding only if it is "left with the definite and firm conviction that a mistake has been committed," and not merely if it "would have decided the case differently." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal quotation marks omitted).

### III. DISCUSSION

The Report recommends that the Court grant Defendants' motion and dismiss Plaintiff's Complaint without prejudice. To briefly summarize, with respect to the employment discrimination claims, the Report finds that Plaintiff has failed to establish a prima facie case for her Title VII claim, and has not alleged facts to support an inference of discrimination for her ADEA claim and ADA claims. (*See* Report at 16, 19, 21.) The Report further finds that Plaintiff's remaining claims fail in part because they are "not premised on identifiable federal or state law." (*Id.* at 24.) Nevertheless, the Report recommends that Plaintiff be given an opportunity to amend her Complaint "[b]ecause there is some prospect, however slim, that the plaintiff could state a valid claim . . . ." (*Id.* citing *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999).) Plaintiff's Objections, which consist of a background statement and fifty numbered paragraphs, fail to address the Report's legal conclusions and are instead largely conclusory assertions that reiterate factual allegations and arguments already presented to Judge Francis. Accordingly, the Court reviews the Judge Francis's comprehensive and well-written twenty-six page Report for clear error. Having reviewed the Report and finding no clear error, the Court

adopts the Report in its entirety. Indeed, the Court would reach the same result even under a de novo standard of review.

## IV. CONCLUSION

For the reasons set forth above, the Court adopts Judge Francis's well-reasoned Report and GRANTS Defendants' motion to dismiss. The Clerk of the Court is respectfully directed to terminate the motion pending at docket entry 11. To the extent that Plaintiff wishes to amend her Complaint, she must file a motion to amend no later than January 9, 2015. The motion should include a proposed amended complaint, which shall state with specificity Plaintiff's contemplated claims. Plaintiff's motion shall also indicate whether she has properly exhausted her administrative remedies with respect to each of her contemplated claims. If Plaintiff does not file a motion requesting leave to amend by January 9, 2015, this case will be closed with prejudice.

SO ORDERED.

Dated: December 9, 2014
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

A copy of this Order was sent to:

Lucia Vlad-Berindan
P.O. Box 863149
Ridgewood, New York 11386